IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CARNELL MATTHEWS**, et al., : | Case No. 1:14-cv-220 |
| : | |
| Plaintiffs, : | |
| : | Chief Judge Susan J. Dlott |
| v.  : | |
| : | |
| **DRUG ENFORCEMENT AGENCY**, : | ORDER GRANTING DEFENDANT'S |
| : | MOTION TO DISMISS COMPLAINT |
| Defendant. : | |

This matter comes before the Court on Defendant's Motion to Dismiss the Complaint (Doc. 11.)  Plaintiffs contest the motion.  For the following reasons, Defendant's Motion to Dismiss (Doc. 11) will be GRANTED.

I. BACKGROUND

A. Facts and Procedural History

The underlying facts of this case are not disputed.  On May 23, 2013, Troopers from the Ohio State Highway Patrol ("OSP") seized $56,970.00 in United States Currency (the "Currency") from Plaintiffs Carnell Devon Matthews ("Matthews") and Christopher L. Owens ("Owens") in Warren County, Ohio.  (Rashid Decl., Doc. 11-1 at PageID 44, ¶ 4(a).)  On June 17, 2013, the United States Drug Enforcement Administration ("DEA") adopted the seizure and accepted the case for administrative forfeiture, assigning it DEA Case No. K2-13-0031.  (*Id*. at PageID 44, ¶¶ 4, 4(a).)  The following day, on June 18, 2013, Plaintiffs, through counsel Edward Wade, Jr., filed a "Petition for Return of Property Under Favor of Ohio Revised Code 2981.03, et al. and Rule 12(c)(3) of the Ohio Rules of Criminal Procedure" in the Warren County Court of Common Pleas.  (Compl., Doc. 1 at PageID 2, ¶ 10.)

It is undisputed that Plaintiffs received written Notice of Seizure ("Notice") from the DEA pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a).[1] (Compl., Doc. 1 at PageID 3, ¶ 11.) The Notices sent to both Matthews and Owens state in relevant part:

> The above-described property [$56,970.00 U.S. Currency] was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). […] Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602–1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**
> **TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**
> If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations for governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.
> **TO CONTEST THE FORFEITURE**
> In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **August 13, 2013**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)).

---

[1] While Plaintiffs do not dispute that they received Notice, the only Notice attached to the parties' complaint is the Notice addressed to Matthews. (*See* Doc. 1-2 at PageID 10; 1-3 at PageID 11–12.) The record reflects that Owens also received and accepted Notice. On July 9, 2013, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent Notice regarding the Currency by certified mail, return receipt requested, to Owens at four different addresses. (Rashid Decl., Doc. 11-1 at PageID 45–47, ¶¶ 4(e)–(h).) On July 15, 2013, service of the Notice was accepted by an individual who signed the signature block and printed a name with the last name of "Owens." (*Id*. at PageID 47, ¶ 4(h); Exh. 8 at PageID 59.) The first name is illegible, but appears to contain the letter "C." (*Id*.)

The DEA also published Notice of Seizure pursuant 28 C.F.R. § 8.9(a) from July 22, 2013 until August 20, 2013 on www.forfeiture.gov, the official internet government forfeiture website. (*Id*. at PageID 47, ¶ 4(j); Exh. 17 at PageID 68–69.) Pursuant to 18 U.S.C. § 983(a), the mailed Notice stated that the deadline to file a claim was August 13, 2013. (*Id*.) If the mailed Notice was not received, the internet posting stated that the deadline to file a claim was September 20, 2013. (*Id*.)

(Notice, Doc. 1-3 at PageID 12) (emphasis in original.) The Notice also includes information on where to file correspondence. (*Id.*)

On September 6, 2013, the DEA sent Wade, by certified mail, copies of the Notices previously sent to Matthews and Owens. (*Id*. at PageID 47–48, ¶ 4(k)–(l), Exh. 18 at PageID 70–73.) On September 20 and 23, 2013, the DEA received letters dated September 18, 2013 from Wade on behalf of Plaintiffs, advising of his clients' "interest to contest the forfeiture." (*Id*. at PageID 48, ¶ 4(m); Exh. 22 at PageID 81–83; Exh. 23 at PageID 84–87.) Wade's letter acknowledged his clients had received Notice by the DEA:

> When I received a copy of your notice of seizure and forfeiture, I inquired of my clients as to why they didn't contact me, and I discovered that my clients felt that it was not necessary to give me the notice or notify me, thereof, because they had seen a draft copy of the proposed motion to recover the money seized, and had thought that I knew about the notice and had taken care of everything or that I had, in fact, received a copy of what they received.

(*Id.*)

On October 10, 2013, the DEA informed Wade that the claim for the subject property was rejected as untimely, because it was received by the DEA after August 13, 2013, the last date to file a claim. (*Id*. at PageID 48–49, ¶ (n); Exh. 24 at PageID 87–88.) The letter also stated that although a petition for remission and/or mitigation was not filed along with the returned claim, as a matter of discretion, Plaintiffs would receive twenty days from the date of receipt of the letter to file a petition, sworn to under penalty of perjury.[2] (*Id*.)

On October 21, 2013, the DEA received a letter from William Norman of Norman & Tayeh, LLC, advising that his office was working with Attorney Wade in the representation of Matthews and Owens and requesting the DEA to reset the clock to allow their clients to "file the

---

[2] If the claimant fails to timely file a claim, the property is administratively forfeited. 19 U.S.C. § 1609. However, a claimant may request the remission or mitigation of the administrative forfeiture by filing a petition for remission or mitigation within thirty days of the receipt of the Notice of Seizure pursuant to 28 C.F.R. § 9.3.

appropriate notice of interest." (*Id*. at ¶ 4(o); Exh. 26 at PageID 90–91.) The letter stated that Plaintiffs had filed a motion for return of property in state court, and that the Plaintiffs discovered only "after the relevant time had lapsed" that an administrative forfeiture proceeding commenced. (*Id*.) On November 1, 2013, the DEA sent Norman & Tayeh, LLC, by certified mail, a copy of the DEA's letter dated October 10, 2013, denying Plaintiffs' claim as untimely and providing an additional twenty days from receipt of the DEA's letter for Plaintiffs to file a petition for remission and/or mitigation of forfeiture. (*Id*. at PageID 49, ¶ 4(p); Exh. 27 at PageID 93–94.)

On October 31, 2013, the DEA received a "Notice of Interest in Seized Property" dated October 25, 2013 from Wade on behalf of Plaintiffs. (*Id*. at PageID 49, ¶ 4(q); Exh. 29 at PageID 96–99.) The letter was received seventy-nine days after Plaintiffs' August 13, 2013 claim deadline. (*Id*.) On November 8, 2013, the DEA forfeited the $56,970.00 in United States Currency to the United States pursuant to 19 U.S.C. § 1609. (*Id*. at PageID 50, ¶ 4(r); Exh. 30 at PageID 100.)

On November 21, 2013, the DEA sent a letter by certified mail to Wade on behalf of Plaintiffs, reiterating that the option to file a claim was no longer available, since the time had expired. (*Id*. at PageID 50, ¶ 4(s); Exh. 31 at PageID 101–102.) The letter noted that Wade's September 18, 2013 correspondence and the USPS Domestic Return Receipt cards indicated that Plaintiffs received individual Notice. (*Id*.) The letter again offered, as a matter of discretion, an additional twenty days from receipt of the DEA's letter to submit a petition for remission or mitigation of forfeiture with Forfeiture Counsel. (*Id*.)

On March 12, 2014, Plaintiffs filed the instant action, alleging one count of unlawful seizure of the Currency, on the basis that the money seized was not used or acquired as the result

4

of a violation of the Controlled Substances Act, 21 U.S.C. § 801. (Compl., Doc. 1 at PageID 3, ¶¶ 13–15.)

### B. Administrative Forfeiture Process

Plaintiffs allege the Currency was seized by the DEA and is being improperly held. An administrative forfeiture, as in this case, is governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983.

Under CAFRA, the DEA must notify parties with an interest in property it has seized of its intent to forfeit assets administratively no later than sixty days after the date of the seizure, unless, before the sixty day period expires, the Government files a civil judicial forfeiture action against the property and provides notice of that action as required by law. *Id.* at § 983(a)(1)(A)(i)–(ii). Once notified, interested parties may choose to allow the forfeiture to proceed administratively or may compel the government to initiate a judicial forfeiture action by filing a claim for the property. *Id*. at § 983(a)(2). "A district court is divested of subject matter jurisdiction upon the initiation of an administrative forfeiture proceeding and jurisdiction will only arise if a timely claim is filed."[3] *Rivera-Bridigo v. Forfeiture Counsel*, No. 13C8921, 2014 WL 2768154, at *1 (N.D. Ill. June 18, 2014).

If an interested party files a timely claim, the administrative forfeiture is terminated, and the DEA must file a complaint for judicial forfeiture in district court within ninety days or return

---

[3] "Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure." *Id*. at § 983(a)(2)(A). The claim must (1) "identify the specific property being claimed," (2) "state the claimant's interest in such property," and (3) "be made under oath, subject to penalty of perjury." *Id.* at § 983(a)(2)(C)(i)–(iii). The claim "need not be made in any particular form." *Id*. at § 983(a)(2)(D). The claim must be filed "no later than the deadline set forth in a personal notice letter," which may not be earlier than thirty five days after the date the letter is mailed. *Id*. at § 983(a)(2)(B). Where a personal notice letter is not received, the claim must be filed not later than 30 days after the date of final publication of notice of seizure. *Id.* Pursuant to 28 C.F.R. § 9.3, certain persons may file a petition for remission or mitigation in an administrative forfeiture proceeding. *Id*.

the seized property. *Id*. at § 983(a)(3)(A). If no interested party files a claim, the DEA may administratively forfeit the property by default, and the only option remaining for an interested party is to file a petition for remission or mitigation of the forfeiture with the DEA.[4] 28 C.F.R. § 9.3.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The Court will first consider the Government's argument that the Court is without subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to review the merits of the administrative forfeiture determination. Plaintiffs argue they exercised intent to contest the forfeiture, and that the Notice did not adequately inform Plaintiffs for the procedure to obtain the Currency.

Rule 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. The plaintiff has the burden of establishing the Court's jurisdiction when a dismissal motion is filed under Rule 12(b)(1). *See Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). The Court can "look beyond the jurisdictional allegations in the complaint and consider submitted evidence." *Id*. Finally, the Court can resolve factual disputes without converting a Rule 12(b)(1) motion to a motion for summary judgment. *Rogers v. Stratton Industs., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

Plaintiffs' single-count complaint challenges the merits of the administrative forfeiture determination, asserting that the Currency was not used or acquired as the result of a violation of the Controlled Substances Act, 21 U.S.C. § 802. After the Currency was seized by the OSP on

---

[4] A petition must include proof of an individual's interest in the property and state the facts and circumstances justifying remission or mitigation. 28 C.F.R. § 9.3(c)(1). The DEA has broad discretion in deciding whether to grant a petition. *See* 28 C.F.R. § 9.7(a)(1) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official.").

May 23, 2013, the DEA adopted the state seizure and brought the currency under federal jurisdiction for purposes of beginning administrative forfeiture proceedings. (Rashid Decl., Doc. 11-1. at PageID 44, ¶¶ 4, 4(a).) As outlined *supra*, the DEA sent and Plaintiffs received individual Notices, but Plaintiffs did not file a claim by the August 13, 2013 deadline.[5] On November 8, 2013, because no valid claim was filed pursuant to § 983(a)(3)(A), the DEA forfeited the $56,970.00 in United States Currency to the United States pursuant to 19 U.S.C. § 1609. (*Id*. at PageID 50, ¶ 4(r); Exh. 30 at PageID 100.) A district court does not have jurisdiction to review the merits of administrative forfeiture decisions. *United States v. King*, 442 F. App'x 212, 213 (6th Cir. 2011); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005). Thus, the Court lacks subject matter jurisdiction to review the administrative forfeiture determination in this case.

Plaintiffs acknowledge the Court's limited jurisdiction to review the merits of administrative forfeiture determinations and argue for the first time in their response brief to Defendant's Motion to Dismiss that the Notices they received were unclear and violated procedural due process. Plaintiffs generally invoke jurisdiction under 28 U.S.C. § 1331 and § 1343 in their complaint, but no due process claim is properly before this Court. *See Miller v. Drug Enforcement Administration,* No. 12-6311, 2014 WL 1856677, at *3 (6th Cir. May 9, 2014) (the Court did not need to determine whether the § 983 notice was sufficient to satisfy the due process clause, because plaintiff did not bring a due process claim). Plaintiffs have not pled any facts which could be construed to state a procedural due process claim, nor have they moved

---

[5] Plaintiffs also failed to file a valid petition for remission or mitigation pursuant to 28 C.F.R. § 9.3. The DEA construed Plaintiffs' October 25, 2013 letter as an untimely claim and extended an additional twenty days from receipt of the DEA's November 21, 2013 letter response to file a petition for remission or mitigation. Plaintiffs did not do so. Regardless, the October 25, 2013 letter failed to meet the requirements for a valid petition pursuant to 28 C.F.R. § 9.3.

to amend their complaint to include a procedural due process claim.  Fed. R. Civ. Pr. 8(a); 8(e); 15.  Although it appears that the Notice met procedural due process requirements, this Court need not consider Plaintiff's due process argument.

>     **B.**     **Failure to State a Claim**

The Court will also consider Defendant's alternate argument that Plaintiffs have failed to state a claim under Rule 12(b)(6).  Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true.  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts."  *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Defendant argues Plaintiffs did not file a timely or valid claim or petition as required under the administrative forfeiture procedure, which this Court construes as an argument that Plaintiffs failed to exhaust their administrative remedies.  "Failure to exhaust the administrative remedies under this process [of 18 U.S.C. § 983(a)] warrants dismissing a plaintiff's complaint."  *Azabdaftari v. Mayer*, 734, F. Supp. 2d 51, 54 (D. D.C. 2010) (dismissing complaint because plaintiff failed to state a claim for return of his forfeited assets where he did not plead he exhausted his administrative remedies by timely filing a claim with the appropriate official after receiving notice of seizure); *Malladi Drugs & Pharm., Ltd. V. Tandy,* 552 F.3d 885, 889 (D. D.C. 2009) (holding that appellant's "legal challenge fails because [it] did not exhaust its administrative remedies before filing suit, having neglected to use the mechanism for obtaining judicial relief provided in the forfeiture statutes."))

Plaintiffs do not allege in their complaint that they timely filed a claim with the appropriate official after receiving Notice. Plaintiffs do not contest receiving Notice from the DEA, which sets forth how an interested party files a claim and/or petition under § 983. The only facts plead in the complaint that could be construed to indicate Plaintiffs filed a claim is Plaintiffs' statement that they filed a "Petition for Return of Property Under Favor of Ohio Revised Code Section 2981.03, et al. and Rule 12 (C)(3) of the Ohio Rules of Criminal Procedure" in Warren County Court of Common Pleas. However, Plaintiffs have cited no authority supporting the argument that a state court filing challenging seizure prior to the DEA's adoption of a case satisfies § 983.[6] Plaintiffs' argument that they were confused about the procedure to file a claim is also diminished by the fact that they were at all times represented by competent counsel. Thus, because Plaintiffs failed to plead they exhausted their administrative remedies by filing a claim, they have failed to state a claim upon which relief may be granted. *See Azabdaftari*, 734 F. Supp. 2d at 53.

Plaintiff's invocation of the unique circumstances doctrine as a defense to not timely filing a claim is misplaced. The Court no longer recognizes the unique circumstances exception to excuse an untimely filing of a notice of appeal. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Regardless, this lawsuit does not involve a notice of appeal or assurances by a judicial officer that an action taken by Plaintiffs was properly done, so the doctrine would not apply here.

Defendant also argues that Plaintiffs would not be entitled to any relief under 18 U.S.C. § 983(e) if Plaintiffs were to file a motion to set aside forfeiture under § 983(e).[7] As Plaintiffs have

---

[6] *See* n.3 for the elements of § 983.
[7] Pursuant to § 983(e), a motion to set aside forfeiture is the "exclusive remedy" for parties "seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *Id.* at § 983(e)(1). A person may bring such an action if he or she was "entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute" and did not receive such notice. *Id.* The motion will be granted if: "(A) the Government knew, or

not filed such a motion, the Court need not address whether it would be successful. However, it is clear that the Government provided individual Notice to inform Plaintiffs of the forfeiture proceedings. Having received and acknowledged their Notices, Plaintiffs had sufficient time to file a timely claim but did not do so. *Id.* at § 983(e)(1)(A)–(B).

### III. CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss the Complaint (Doc. 11). Plaintiffs' complaint is dismissed with prejudice and stricken from the docket of this Court.

IT IS SO ORDERED.

          S/Susan J. Dlott_____
          Chief Judge Susan J. Dlott
          United States District Court

---

reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." § 983(e)(1)(A)–(B).